UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------x
:
UNITED STATES OF AMERICA,                             :
                                                      :
                                    Plaintiff,        :    No. 15-cr-728
                                                      :
              - against -                             :    **OPINION**
                                                      :
                                                      :
WESLEY SHINE,                                         :
                                                      :
                                    Defendant.        :
                                                      :
                                                      :
                                                      :
------------------------------------------------------x

Defendant Wesley Shine has moved to suppress the firearm that police found tucked into the waistband of his pants during a routine traffic stop. The motion to suppress follows Shine's arrest and indictment as a felon in possession of a firearm under 18 U.S.C. § 922(g)(1)–(2). Upon consideration of defendant's motion to suppress, the court declines to hold a suppression hearing and denies Shine's suppression motion.

**Factual Background**

The following facts are undisputed by the parties unless otherwise noted. Shine was a passenger in the back seat of a livery cab in the Bronx in the early hours of August 22, 2015. The government contends that police pulled over the cab for driving above the speed limit. Opp'n Mem. L. 1–2, ECF No. 17. In an affidavit accompanying his motion to suppress, Shine represents that he did not

believe the cab was speeding at the time police initiated the traffic stop. See Shine Aff. Suppression Mem. L. ¶ 4, ECF No. 15.

After the cab pulled to the side of the road, police approached the vehicle and asked the driver to roll down the windows. Police then smelled marijuana coming from inside the car. Police asked Shine if he had recently used or been in the presence of marijuana. Shine then admitted to possessing marijuana. ECF No. 17 at 2 (citing Compl. ¶ 3(g)); Reply Mem. L. 5–8, ECF No. 18; see also Suppression Mem. L. 1, ECF No. 16. Police asked Shine to exit the cab, frisked him, and found a loaded firearm tucked into the waist of his pants. Shine was then placed under arrest.

On these facts, Shine asks the court either to hold a suppression hearing or to suppress the firearm based on the papers alone. The government argues that a suppression hearing is not warranted here because the essential facts of the case are not in dispute. The government also contends that Shine's motion to suppress should be denied because his legal arguments lack merit.

The court agrees with the government that a suppression hearing is not warranted and that Shine's suppression motion should be denied.

### Discussion

A. No Suppression Hearing is Necessary Here

Not every motion to suppress warrants an evidentiary hearing. Rather, an evidentiary hearing is proper "only when the petition alleges facts which if proved would require the grant of relief." Grant v. United States, 282 F.2d 165, 170 (2d Cir. 1960). As part of this showing, a defendant who seeks to suppress evidence

must demonstrate that disputed issues of material fact exist. See United States v. Dames, 380 F. Supp. 2d 270, 276 (S.D.N.Y. 2005) (citing United States v. Castellano, 610 F. Supp. 1359, 1439 (S.D.N.Y. 1985)). Additionally, a submission must be "sufficiently definite, specific, detailed, and non-conjectural as to indicate relevant contested issues of fact." United States v. Ciriaco, 121 F. App'x 907, 908–09 (2d Cir. 2005). If a defendant fails to show the existence of a true factual dispute, the court may decide any remaining legal disputes on the papers alone, without an evidentiary hearing.

Shine argues that the circumstances surrounding the traffic stop are in dispute because, whereas the government alleges that police pulled over the cab because they suspected the cab of speeding, Shine points out that he did not believe that the cab was exceeding the speed limit at the time of the traffic stop. But Shine has not provided the court with any factual basis for his belief. He has not claimed that he saw the cab's speedometer, could sense or ascertain the cab's approximate speed or was in a position to guess its speed based on his experience, or was familiar New York City's traffic laws or even the applicable speed limit. Nor does Shine ever assert that the cab was not, in fact, speeding. Rather, Shine expresses a mere belief that the cab was obeying the speed limit. Shine's belief, without any information as to how he arrived at that belief, is insufficiently "definite, specific, detailed, and non-conjectural as to indicate relevant contested issues of fact." Id.

Moreover, Shine's belief about the speed of the car is not incompatible with the government's claim that the car was speeding. It can simultaneously be true

3

that the cab was speeding and that Shine did not know it, even if Shine genuinely believed that the cab was not speeding. Thus, there is no true dispute of fact because the court could credit both Shine's affidavit and the account of the officers.

Shine's reliance on Townes v. City of New York, 176 F.3d 13 (2d Cir. 1999), is misplaced. Townes was a § 1983 action in which police pulled over a taxicab and found that the passenger possessed drugs and guns. Townes did not involve a layperson's opinion about the legality of the traffic stop. Rather, all of the parties in Townes agreed that the taxicab did not violate any traffic law and that the police lacked probable cause to make the stop. Id. at 142. The remaining legal questions in Townes apply specifically to § 1983 actions. See id. at 145–49. For these reasons, Townes is in inapt here.

Because the motion to suppress does not raise any disputed issues of fact, a hearing is unnecessary here. However, the court makes the following observations.

B. Police Had Reasonable Suspicion to Frisk Shine

Shine urges that, even if police properly pulled over the cab, the court should suppress the firearm on the theory that police had no lawful basis to perform the search that led them to discover the firearm. ECF No. 18 at 5–8. The facts—as set forth in the complaint and as agreed-to by both parties—do not support this conclusion.

During a lawful traffic stop, police may "order passengers to get out of the car pending completion of the stop." Maryland v. Wilson, 519 U.S. 408, 414–15

(1997). Police may also lawfully "inquire into matters unrelated to the justification for the traffic stop." Arizona v. Johnson, 555 U.S. 323, 333 (2009). Such an investigative detention is proper so long as it is based on specific articulable facts that, together with rational inferences from those facts, reasonably warrant suspicion that the individual stopped was engaged in criminal activity. United States v. Alexander, 907 F.2d 269, 272 (2d Cir. 1990) (quoting United States v. Brignoni–Ponce, 422 U.S. 873, 884 (1975), citing Terry v. Ohio, 392 U.S. 1, 21 (1968) and United States v. Nargi, 732 F.2d 1102, 1105 (2d Cir. 1984)). The smell of marijuana emanating from a car justifies an investigative detention of its occupants. United States v. Jenkins, 452 F.3d 207, 214 (2d Cir. 2006).

As noted above, police may ask detainees questions which relate to the officers' suspicions of criminal activity during an investigative stop. A detainee's responses to police questioning are usually considered voluntary. INS v. Delgado, 466 U.S. 210, 216 (1984) ("[P]olice questioning, by itself, is unlikely to result in a Fourth Amendment violation. While most citizens will respond to a police request, the fact that people do so without being told they are free not to respond, hardly eliminates the consensual nature of the response."). If the person questioned voluntarily admits to possessing contraband, then an officer may frisk the person on suspicion that he has committed or is committing a crime. See Walczyk v. Rio, 496 F.3d 139, 156 (2d Cir. 2007) ("[P]robable cause is demonstrated where the totality of circumstances indicates a fair probability that contraband or evidence of a crime will be found in a particular case") (citing to

Illinois v. Gates, 462 U.S. 213, 238 (1983)); Alexander, 907 F.2d at 272; see also, e.g., United States v. McCrimmon, No. 11-cr-575, 2012 WL 5974070, at *6 (S.D.N.Y. Nov. 26, 2012).[1]

Here, the parties dispute whether the search was incident to an arrest and whether the search was reasonable if the offense conduct may not have warranted an arrest in the first place. These questions are red herrings. ▮

▮▮▮▮

A plain reading of the complaint and the case facts leads the court to the true legal issue in this case: whether the police performed a lawful pat-down of

---

[1] Though the court need not reach this result here, some courts have held that the odor of marijuana alone justifies an officer to perform a pat-down of a car passenger. See Garcia v. New York State Police Investigator Aguiar, 138 F. Supp. 2d 298, 303 (N.D.N.Y. 2001) (citing cases); see also, e.g., People v. McLaren, 131 A.D.3d 548, 2015 WL 4744303 (2d Dep't 2015); People v. Rasul, 121 A.D.3d 1413, 995 N.Y.S.2d 380 (3d Dep't 2014). However, police must have reasonable and articulable suspicion as to that particular person before he is frisked. See United States v. Jaramillo, 25 F.3d 1146, 1152 (2d Cir. 1994); see also United States v. Brock, No. 13-cr-6025, 2015 WL 8732432, at *10 (W.D.N.Y. Dec. 11, 2015).

Shine. The undisputed facts require the court to answer this question in the affirmative.

Police pulled over the cab on suspicion that it was speeding. As alleged, this constituted a lawful traffic stop. Police then detained the cab to investigate the odor of marijuana coming from the vehicle and inquired into Shine's exposure to or use of marijuana as part of that investigatory detention. Shine voluntarily conceded that he possessed of marijuana. This provided police with independent reasonable suspicion to frisk him. So while it is true that Shine did not consent to the search, no consent was needed because Shine's voluntary admission provided police with the requisite suspicion to perform the pat-down.

C. Shine's Arrest was Based on Probable Cause

Shine further asserts that police lacked probable cause to arrest him. ECF No. 16, at 4. An investigative detention can ripen into an arrest when police develop probable cause of criminal activity. United States v. Perea, 986 F.2d 633, 644 (2d Cir. 1993); see, e.g., United States v. Echevarria, 692 F. Supp. 2d 322, 333–34 (S.D.N.Y. 2010). Probable cause to arrest a person exists if "the law enforcement official, on the basis of the totality of the circumstances, has sufficient knowledge or reasonably trustworthy information to justify a person of reasonable caution in believing that an offense has been or is being committed by the person to be arrested." United States v. Patrick, 899 F.2d 169, 171 (2d Cir. 1990). If a tactile discovery during a pat-down reveals evidence of a crime, it can transform the agent's reasonable suspicion into probable cause to arrest. See United States v. Ceballos, 719 F. Supp. 119, 128 (E.D.N.Y. 1989).

In this case, officers correctly frisked Shine after he admitted to possessing marijuana. During the frisk, the officers found a loaded firearm tucked into Shine's waistband. The pat-down therefore ripened into an arrest because police developed probable cause to believe that Shine illegally possessed the firearm. Accordingly, the firearm is admissible evidence.

## Conclusions

For the foregoing reasons, Shine's request for an evidentiary suppression hearing is denied, as is his request to suppress the firearm recovered during the lawful pat-down of Shine's person.

SO ORDERED.

Dated: New York, New York
March 4, 2016

Thomas P. Griesa
U.S. District Judge

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/4/16